Mr. Justice ThacheR
delivered the opinion of the court.
This is a writ of error to the circuit court of Warren county, sued out to correct a supposed error of that court in its judgment in appropriating the proceeds of sales made under certain executions.
On the 24th day of October, 1842, Emanuel & Barnett, use, &c. obtained judgment against Tan Rensalaer. The only execution upon this judgment was returned to the court at its April term, 1843, indorsed nulla bona. The judgment was enrolled upon the 19th April, 1844.
On the 19th day of May, 1845, Jones, use, &c., obtained judgment against Tan Rensalaer. This judgment has never been enrolled. On the 11th day of December, 1846, execution was issued on the judgment of Jones, and executed, and the usees of Emanuel & Barnett, and of Jones, claimed that the proceeds should be appropriated to their judgments. The circuit court applied the money to the judgment of Jones, use, &c.
The question for determination is, was the judgment of Emanuel & Barnett a lien upon Tan Rensalaer’s property at the time of the levy and sale under the execution of the judgment of Jones'?
There is an evident incompatibility between the 11th section of the enrolment law, and the 13th section of the limitation law of 1844, both of which acts were passed upon the same day, — *475 the 24th of February, 1844. There seems to be but one mode of attempting to reconcile them, and that is not fully satisfactory. It is to consider the enrolment law as determining theco'n-ditions upon which the lien can alone accrue, and the limitation as determining the duration of that lien; for the main scope of the former act is directed to the first object, and that of the latter act to the last. All judgments, then, rendered befor'e February 24th, 1844, would be entitled to a lien for two years from that date, if enrolled on or before the first day of July, 1844. Tried by this rule, the lien of the judgment of Emanuel & Barnett, use, &c. had expired by limitation of law at the time of the levy and sale under the execution of the judgment of Jones, use, &c.
In the case of Planters’ Bank of Tennessee v. Black, et al., we remarked that “ the act of 1846,” [entitled “ An act to settle the construction of the 13th section of an act, entitled an act to amend the several acts of limitation, approved February 24, 1844.” — Laws of 1846, p. 159,] “ recognizes the 13th section of the limitation law of 1844 as one existing and in force. To this extent it must be considered valid, whether in its other terms it enacts a new provision, or merely furnishes a rule of construction. It has regarded this 13th section as in force, and it is not for us to say now that it was repealed by implication.”
We think the judgment of the circuit court must be affirmed.